WAGNER v TROTT

Ohio Appeals, 3rd Dist, Seneca Co

No 197. Decided July 5, 1929

Charles A. Strauch, Fostoria, for Wagner.
Mark L. Leister, and Niles & Peters, all of Tiffin, for Trott.

**HUGHES, J.**

Over the objection of the defendant, the plaintiff was permitted to introduce evidence of promises of the defendant, made before the proceedings in bankruptcy were started, that he would pay this note. This was clearly erroneous. Evidence of promises to pay a debt, made before the proceedings in bankruptcy, is clearly inadmissible.

At the close of the evidence and before the arguments began, plaintiff requested the court to give to the jury, two special requests. The first request is not approved by us as law. While the second request may be insufficient to be called a proposition of law covering any issue in the case but rather an attempt to procure another ruling upon the admission of this evidence referred to, still it was notice to the court that the defendant was seeking to have the jury instructed that they should not consider this incompetent evidence that had been offered, and under the rule of practice, the court, in its general charge, should have so directed the jury. This, however, is covered by the same reasoning that makes the evidence incompetent. The court declined to give these charges solely upon the ground that the special requests were made without any notice to the court, and without any opportunity given counsel on the other side to examine the same. Of course this was not sufficient reason for refusing to give a proper request made at the time these requests were made.

Inasmuch as the evidence is clearly inadmissible, the judgment recovered by the plaintiff upon his eleven hundred and thirty five dollar note must be reversed, and the cause remanded for trial upon this issue and this issue only.

The judgment for the defendant, recovered upon his cross petition for wages is attended by no error, and hence must be affirmed.

That we may not be misunderstood, we reiterate that the judgment in favor of the plaintiff on the one hundred and fifty dollar note, and the judgment in favor of the defendant upon his cross petition, are affirmed; and the judgment in favor of the defendant upon his eleven hundred and thirty five dollar note is reversed, and this much of the cause is remanded for a new trial. Exceptions may be noted by both parties.

Before Judges Hughes, Justice & Crow.